## FINCH v. HOLLINGER ET AL.

1. **Judgment:** EFFECT OF AFFIRMANCE. A general judgment decides all the issues in favor of the successful party and an affirmance of such judgment on appeal, although the opinion of the court be based upon one of several issues, is an affirmance thereof with respect to all the issues in the case.

2. **Replevin:** WRONGFUL CONVERSION. When in an action of replevin it has been adjudged that the property replevied was subject to a judgment which the plaintiff was thereupon compelled to pay, his remedy is not by an action for wrongful conversion against the sheriff who levied upon the property under the judgment.

*Appeal from Butler Circuit Court.*

TUESDAY, JUNE 12.

ONE E. B. Chaney, being the owner of two steers, on the 3d day of July, 1874, executed a chattel mortgage thereon to the plaintiff. The defendant, Lucinda Findley, held a judgment against Chaney, upon which she caused an execution to issue on the 6th day of July, 1874, which was delivered to the defendant, Hollinger, as constable, for service. On the same day Hollinger levied upon the steers as the property of Cha-

ney.    On the next day plaintiff commenced his action in replevin before a justice of the peace and took the steers upon the writ.    He based his claim of title upon the chattel mortgage.    Hollinger answered justifying his action under the execution, and alleging:

1.    That he had not been served with any notice in writing that said steers belonged to plaintiff.

2.    That plaintiff's chattel mortgage was without any consideration, and was fraudulent and void as against the creditors of Chaney.

There was a trial before the justice of the peace upon these issues, which resulted in a judgment for the defendants. Plaintiff appealed to the Circuit Court, where there was a trial before the court without a jury.    There was a judgment rendered in the Circuit Court against the plaintiff for the value of the property and costs.    From this judgment plaintiff appealed to this court, and at the June term, 1876, the judgment of the Circuit Court was affirmed and a *procedendo* was issued.

Plaintiff, after paying the judgment thus affirmed, and giving the written notice required by section 3055 of the Code, commenced this action against the defendants for the alleged wrongful conversion of the steers.

The defendant answered, pleading the former judgment and the payment thereof as an adjudication.    There was trial by the court without a jury; judgment was rendered against plaintiff for costs, and he appeals.

*Scales & Cassidy*, for appellant.

*W. V. Allen*, for appellees.

ROTHROCK, J.—I.    It must be conceded that, if there had been no appeal from the judgment first rendered by the Circuit Court, this action would not lie.    It would have been a complete and final adjudication of the plaintiff's right to the property in controversy.    It was a

1. JUDGMENT: effect of affirmance.

general judgment upon the merits of the case, and upon the issues presented in the pleadings. One of these issues, that alleging want of notice was, it is true, in the nature of a plea in abatement of the action, but the issue of fraud was also presented, and the judgment was based on all the issues. It must be presumed from a general judgment, that all the issues were decided in favor of the successful party.

The affirmance in this court of the judgment of the court below, the opinion being based upon the want of the written notice required by section 3055 of the Code, was not a reversal of the judgment upon the other issues. No judgment was rendered in this court. There was simply an affirmance of the judgment of the court below, which affirmance left the judgment and the rights of the parties precisely the same as though no appeal had been taken.

II. In any view of the case we cannot see how plaintiff can now recover as for a wrongful conversion of the property. He 2. REPLEVIN: took the property upon his replevin, and yet re- wrongful con- version. tains it. If not barred by the former adjudication, his remedy is not an action for the wrongful conversion of the property, but one to recover back the money paid by him in satisfaction of the judgment. Counsel, in their arguments, cite and comment upon a large number of authorities bearing upon the question as to when a judgment is conclusive between the parties. We think this case must be determined upon the foregoing principles, which it seems to us are elementary.

AFFIRMED.