REYNOLDS v. BABCOCK ET AL.

1. **Former Adjudication:** CONCLUDES PARTIES AS TO MATTERS IN ISSUE. Certain issues involved in this cause having been adjudicated and determined in a former action between the same parties, the defendants herein are bound by such former adjudication.

2. **Usury:** JUDGMENT FOR SCHOOL FUND: SETTLEMENT BY PARTIES PENDENTE LITE, Where it is manifest from the record that the contract sued on is usurious, and the defendant, *pendente lite*, in a settlement with the plaintiff, stipulates for a judgment against himself for a certain amount, such settlement does not deprive the State of the right to a judgment, on behalf of the school fund, on account of the usury.

*Appeal from Iowa District Court.*

WEDNESDAY, DECEMBER 13.

THIS is an action upon two promissory notes, one for $800 and one for $1,200, and to foreclose a mortgage executed to secure them. Decree for plaintiff. Defendants appeal. The material facts are stated in the opinion.

*Stoneman, Rickel & Eastman*, for appellants.

*Blake & Hormel*, for appellee.

DAY, J.—In 1868, the plaintiff, Reynolds, and Jonas Davis, one of the defendants, formed a partnership for the purpose of buying and selling live stock. The defendant, Davis, attended to the purchasing of the stock in his own name, and it was understood and agreed that plaintiff should keep the account of money, stock bought and sold, and of the business generally, and Davis entrusted this part of the business to the plaintiff.

On the 4th day of November, 1873, the defendant, Davis, and the plaintiff, made a settlement of partnership accounts, and as a result of that settlement there was found due Reynolds $5,600. In satisfaction of this amount Davis executed

his own note for $3,600, secured by mortgage, and procured his co-defendant, Friend E. Babcock, to execute to Reynolds two promissory notes, secured by mortgage, one for $800 and one for $1,200, being the notes now in suit, which two notes. as between himself and Babcock, Davis agreed to protect and pay off. After this settlement, Reynolds and Davis continued together as partners until 1878, when Davis went into bankruptcy, and one M. L. Ward was duly appointed his assignee in bankruptcy. On the 23d of September, 1878, plaintiff commenced an action against the defendant, Friend E. Babcock, upon the notes made by him, and to foreclose the mortgage executed to secure them. The petition in this case alleges that the mortgaged premises are not adequate security for said notes and interest; that the defendant, Friend E. Babcock, is the owner of 119 acres of land in Johnson county, Iowa, worth $2,200, upon which there is a mortgage for $1,200; that by redeeming from said mortgage there would be the sum of $1,000 to apply on plaintiff's claim, and that the defendant, Friend E. Babcock, is a non-resident of the State of Iowa. The petition prays a writ of attachment against the Johnson county lands, which was duly issued. On the 4th day of November, 1878, the defendant, Babcock, filed his answer alleging that the $1,200 note had been fully paid by Davis, and that at the time of making the notes it was agreed between plaintiff and Davis that Davis was to pay interest on the notes at the rate of 15 per cent, 10 per cent of which was provided for in the notes, and that, for the remaining 5 per cent, Davis executed to the plaintiff his notes at the time. The plaintiff for reply denied the payment of the $1,200 note by Davis, but admitted that the interest was to be paid at the rate of 15 per cent, and that Davis executed his note to the plaintiff for 5 per cent thereof as alleged.

On the 28th day of August, 1878, Babcock sold to Davis the land mortgaged to plaintiff, and on the 19th of November, 1878, the plaintiff filed a supplemental petition alleging this sale, and that Davis, as a part of the consideration, agreed to

pay plaintiff the notes in question, asking that Davis and his assignee in bankruptcy be made defendants, and praying judgment against Davis for the amount of the notes, and a decree of foreclosure of the mortgage. On the 21st day of November, 1878, there was filed in said cause an agreement of settlement between plaintiff and Babcock and wife, in which it was stipulated that plaintiff should have judgment and foreclosure against the mortgaged lands; that Babcock and wife should deed to plaintiff the lands attached in Johnson county, subject to a mortgage of about $1,100; that plaintiff take the foreclosure and deed in full of all claims and demands against the defendants Babcock and wife; that no personal judgment be rendered against them, and that the settlement shall not prejudice any right or claims which any other parties, now or hereafter to be made parties, may have on the premises. On the 16th day of November, 1878, the plaintiff commenced an action against Jonas Davis, upon the note for $3,600 made by him, and to foreclose the mortgage securing the same. On the 29th of May, 1879, Davis and Ward, the assignee in bankruptcy, answered, alleging that the note was usurious, that the settlement in which it was obtained was procured by fraud, and that by reason thereof the note and mortgage were without consideration and void. The defendants also filed a cross-petition alleging that there had never been a settlement and accounting of said partnership business; that all the assets of the firm were in the hands of plaintiff; that he refused to settle or account with defendants therefor; that there had been large gain and profits in said business, which had been received by plaintiff and were in his hands, and asking an accounting and a decree dissolving the partnership. The case of *Reynolds v. Davis & Ward* was by consent referred to George J. Boal, Esq., who, respecting the settlement of November 4th, 1873, reported as follows: "I do not assume to determine the correctness of the statement, or to make its actual correctness the basis of this finding. Yet I do not feel free to disturb the settle-

ment made. It was a settlement; was closed by notes and mortgage for balance found due. The difficulty lies in the want of proof of fraud, and the charge of fraud is not sufficiently supported by the evidence. There is evidence tending to show fraud on the part of Reynolds in preparing the accounts; there is testimony denying it. It follows as a conclusion of law that plaintiff is entitled to recover the principal of the note in suit, which amounts to $3,600. The contract being usurious, no interest is allowed. But this recovery is subject to the modification hereafter made. That settlement, so far as evidence sheds any light on it, covered all the transactions from the formation of the partnership up to its date, except an item of $5,000, partnership money used by plaintiff on the 30th day of September, 1873. This was not included in the settlement, nor intended by the parties to be included in it; for while courts are reluctant to disturb settlements, they will not unduly enlarge them so as to aid in the perpetration of a fraud."

The referee proceeded to take an account of the business of the firm subsequent to the settlement of November 4th, 1873, and found that, including the $5,000 above named, there were profits in the business amounting to $19,240, and that, after allowing Davis interest upon one-half of said $5,000 from the date of the settlement, the share of Davis of the profits amounted to $10,557.50. The referee further found that, as a part of the settlement of November 4th, 1873, the two notes which are now in controversy were executed by Babcock; that they are affected by the same usurious contract, and that at the time of filing his report there was due thereon $2,000; that deducting the note of $3,600 then sued on from Davis' share of the profits, there was a balance due Davis of $6,957.50; that should Reynolds consent to bring into the suit the notes of $2,000 given by Babcock, secured on land now held by assignee in bankruptcy, he would be entitled to an additional credit of $2,000, leaving the balance due Davis, February 2d, 1880, $4,957.50. The

referee recommended that a judgment be rendered in favor of Davis' assignee for $6,957.50, but that if Davis should elect to bring in for cancellation the notes and mortgage of Babcock, it be allowed as a credit on the sum due Davis, in which event judgment should be rendered for $4,957.50. The defendant, Davis, and his assignee filed their motion to modify and confirm the report of the referee and the plaintiff filed his motion to modify and reject. It was agreed that both motions should be passed upon and judgment should be rendered in vacation. The judge, on the 23d of February, 1880, overruled the motions to modify and reject the report, and ordered that it be confirmed, and respecting the two notes now in suit, ordered as follows: "The parties failing to consent that the note and mortgage of Babcock shall be included in the decree in this cause, no account will be taken of the same, but the calculations and judgments will be rendered independently thereof. Pursuant to this order, a decree was entered in February, 1880, in favor of M. L. Ward, assignee in bankruptcy of Jonas Davis, for $6,957.50. This decree contains the following provisions: "It is further ordered, adjudged and decreed that plaintiff do not recover upon the claims set out by him in his pleadings herein, and is not entitled to a foreclosure of the mortgage set out in his petition, and that said claims and said mortgage are hereby declared satisfied and discharged, and that the clerk of this court be, and he is hereby, ordered to enter satisfaction of said mortgage upon the proper records. And it is further ordered and decreed, that the findings and judgment in this case included all claims asserted by plaintiff herein, as well as all notes and claims filed by him in bankruptcy against the estate of said Jonas Davis bankrupt. And it is also ordered and decreed, that the judgment and decree herein shall not in any manner prejudice or affect the issues involved, or the rights of the parties hereto, in a certain cause now pending in the Circuit Court of Iowa county, Iowa,

wherein W. H. Reynolds is plaintiff, and Friend E. Babcock et al. are defendants."

After the rendition of this decree, Jonas Davis and Ward, his assignee in bankruptcy, appeard in the case of Reynolds v. Friend E. Babcock et al., the suit now at bar, and filed an answer alleging that, prior to the commencement of this suit, the notes had been fully paid by defendant, Davis, and since the commencement of this action, they had been paid by Babcock by a conveyance of lands in Johnson county, and a surrender of his interest in the mortgaged premises; that the notes were obtained by fraud and false pretenses, and were made without consideration. This answer alleges that the notes in question were executed in the settlement of November 4, 1873; that defendant, Davis, was not, at that time, indebted to plaintiff in the sum of $5,600 or any part thereof, and alleges acts of fraud of the plaintiff in procuring that settlement substantially as set up in the answer in the case of Reynolds v. Davis & Ward, above referred to. The plaintiff replied, denying payment of the notes by either Davis or Babcock, but admitting the conveyance by Babcock of the Johnson county lands. The plaintiff, further replying, alleged that in the suit of Reynolds v. Davis & Ward, all questions of fact and law arising or growing out of the alleged partnership between the plaintiff and defendant, Davis, were fully determined and adjudicated by the judgment and decree rendered therein, and that by reason thereof the defendants are now estopped from claiming or asserting that the mortgage and note sued on in this action are without consideration or were obtained through fraud, or are void for any cause. Thereupon the defendants filed an amendment to their answer, alleging that the claim now asserted by plaintiff was asserted in the case of Reynolds v. Davis & Ward, and was rejected by the decree, and all claims asserted by plaintiff were declared satisfied and discharged, whereby said claim and mortgage have been adjudicated, and plaintiff is estopped from as-

serting them herein. The answer further alleges that there was an error in the settlement of November 4, 1873; that plaintiff had drawn out of the partnership funds, in September, 1873, the sum of $5,000, and expended it on his own account, and made no report of the same, and it was not included in the settlement. That plaintiff included in said settlement large amounts of notes given by defendant, Davis, to divers parties on account of stock purchased by said firm by Davis, and by him turned over to said firm composed of Davis and the plaintiff; that plaintiff paid for said notes out of the partnership funds in his hands, and by reason thereof said notes should not have been charged to defendant, Davis, in settlement. The plaintiff replied, denying all the allegations of the defendants' amendment to this answer.

The court rendered a judgment in favor of Reynolds for $2,000, and decreed a foreclosure of the mortgage, and that a special execution issue for the sale of the premises. The court also found that the defendant, Friend E. Babcock, should pay to the School fund, as the statutory penalty on the usurious contract, $1,485.52.

I. The evidence shows that the two notes in controversy were executed at the same time as the note of $3,600 involved in the suit of Reynolds v. Davis & Ward, and as a part of the settlement in which that note was given. In the present action Babcock had settled the controversy as to himself by deeding the Johnson county lands, and consenting to a foreclosure of the mortgaged lands, and procuring an agreement that no personal judgment should be entered against him before the defendants, Davis & Ward, filed their answer. After the rendition of judgment in favor of the defendants in the case of Reynolds v. Davis & Ward, an agreement was entered into between Reynolds, Davis & Ward, assignee, that in the case of Reynolds v. Babcock, no personal judgment should be entered against Ward, assignee. The only purpose therefore, in continuing the prosecution of the case of Reynonlds

1. FORMER adjudication: concludes parties as to matters in issue.

v. Babcock, et al., was to procure a foreclosure of the mort-
gage against Davis and his assignee, Ward.   It follows that,
at the time Davis and Ward filed their answer, the parties in
interest in Reynolds v. Baccock et al., the suit now pending,
were identical with those in the former suit of Reynolds v.
Davis & Ward   In the suit of Reynolds v. Davis & Ward,
the validity of the settlement of November 4, 1873, was put
directly in issue, and the referee found that the settlement could
not be disturbed, and, as a result of such finding, that the
plaintiff was entitled to recover the principal of the note sued
on.   This finding was confirmed and approved by the court,
and, in the decree which was rendered, the plaintiff obtained
the benefit of the $3,000 note as a credit.   That this decree
is conclusive between the parties to this action, as to the val-
idity of the settlement of November 4, 1873, see the fol-
lowing authorities:

*Whitehust v. Roger*, 38 Md., 503;  Waits Actions and De-
fenses, Vol. 6, p. 784;   *Whitaker v. Johnson County*, 12
Iowa, 595; *Demarest v. Daig*, 32 N. Y., 281; *Betts v. Starr*,
5 Conn., 550.

II.   The defendants insist, however, that there were mis-
takes in the settlement of November 4, 1873, and that by rea-
son thereof the notes sued upon are without consideration,
and that the adjudication in the former case does not estop
the defendants to insist upon a want of consideration.   All
these matters, however, were fully considered by the referee.
The referee finds specifically that Reynolds had withdrawn of
the partnership funds $5,000, which was not included in the
settlement, and is the principal mistake now relied upon.
The defendants were credited with one half this sum and in-
terest in the settlement of the partnership affairs.   The de-
fendants having once had the benefit of the sum in swelling
the partnership assets, cannot again be allowed it to show a
failure of consideration for the notes in suit.   No other items
are shown which were not fully passed upon in the finding of
the referee and the decree of the court.

Reynolds v. Babcock.

III. The defendants insist that the notes in controversy were paid by the defendant, Davis, subsequently to the date of the settlement. We are satisfied from the evidence, however, that all of the items which are now relied upon as payment were presented to the referee, and considered by him in stating the account between the parties, and that the defendants have once had the benefit of them in the judgment rendered in the former suit.

IV. It is insisted by the defendants that, if the defendants are estopped by the former decree from urging the defense of fraud in the settlement, the plaintiff is equally estopped from urging his claim upon the notes in suit. This position is clearly untenable. The notes now in controversy are plainly and expressly reserved from determination in that decree.

V. It is urged on behalf of the defendant, Babcock, that the judgment for penalty against him on account of the usury in the notes, is erroneous. Babcock alleges that the notes are usurious, and the plaintiff admits it. It was not competent for Babcock to settle the controversy with plaintiff, in such manner as to deprive the State, on behalf of the School fund, of a judgment on account of the usury.

2. USURY: judgment for school fund: settlement by parties pendente lite.

VI. The plaintiff, in his petition, alleges that by redeeming the Johnson county land from the mortgage there will be the sum of one thousand dollars to apply upon the claim in controversy. The plaintiff, in his reply, admits that these lands have been conveyed to him. The defendants are entitled to a credit of $1,000 upon the demand in suit. The amount of the decree will be so reduced as to allow that credit The plaintiff will pay the costs of this appeal.

MODIFIED AND AFFIRMED.