## W. A. WEITNAUR v. EMMA A. WEITNAUR, Appellant.

**Boarding at Parents' Hotel:** *Presumptions as to contract to pay.* Plaintiff, his wife, and seven children lived for a year at a hotel belonging to his mother, and operated by another son as her agent.    There was no evidence that the mother resided at the hotel or that plaintiff and his children lived in her family, or rendered any services.    In an action between plaintiff and his mother an allowance was made for the wife's services. *Held,* that no presumption that the board was furnished gratuitously arose from the facts, but the law would imply a contract to pay.

**Review on Appeal:** REFEREE'S FINDING.    Under Code, section 3741, providing that, when a reference is to determine a question of fact, the referee's report shall have the effect of a special verdict, it will be assumed, on appeal from a judgment based on a referee's finding, to which no exception was taken, that the findings were accepted as correct, and that no other evidence was introduced to sustain the judgment.

**REFEREE'S CONCLUSIONS OF LAW:** *Where inconsistent with facts.* A referee's conclusions of law on the facts found will be overruled if inconsistent with the facts.

*Appeal from Black Hawk Dist 	t Court.*—HON. F. O. PLATT, Judge.

WEDNESDAY, OCTOBER 15, 1902.

PLAINTIFF abandoned his claim as owner of the real estate, and the only issues heard related to the accounting asked by defendant. The referee recommended judgment against plaintiff for $146.65. Two exceptions to his report were sustained by the district court, and judgment entered against defendant for $401.83. The defendant appeals.— *Reversed.*

*W. N. Birdsall* for appellant.

*Edwards & Longleg* for appellee.

LADD, O. J.—No exception to the findings of fact made by the referee was taken in the district court. This being true, it must be assumed that they were accepted as correct, and we cannot assume, as appellee insists should be done, that other evidence was introduced in court tending to sustain the judgment as finally entered.

As no fault was found with the facts reported, there was no occasion for farther proof. See section 3741, Code; *Peck v. Schick,* 50 Iowa, 281. Two exceptions to the referee's conclusions of law were sustained, and it is with these only that we have to do on this appeal. If these were inconsistent with the findings of fact, the court's action will be upheld. In *Re Hooker's Assignment,* 75 Iowa, 377. It appears that plaintiff, who is a son of defendant operated and controlled her hotel known as the "Sherman House," from July 4, 1897, till February 20, 1899, and thereafter it was managed and operated by another son, H. E. Weitnaur, as her agent. The pleadings and facts found indicate that the business was that ordinarily followed at such places of furnishing board

and rooms for compensation. From February 20, 1899, the plaintiff, with his wife and seven children, boarded at the hotel 55 weeks. An allowance was made for the services of the wife in addition to her board, and the value of board of plaintiff and children fixed at $12 per week. The hotel does not appear to have been the home of the defendant, and there is nothing in the record indicating that plaintiff and children lived in her household, or rendered any services. Under these circumstances, will the law imply a contract to pay a reasonable compensation for the board furnished? The referee so concluded, but the district court denied recovery. A contract to pay is to be implied, unless this is obviated by the relation of the parties. The reason for this exception to the general rule is well stated in *Disbrow v. Durand*, 54 N. J. Law, 343 (24 Atl. Rep. 545, 33 Am. St. Rep. 678): "The household relationship is presumed to abound in reciprocal acts of kindness and good will, which tend to the mutual comfort and convenience of the members of the family, and are gratuitously performed; and where that relationship appears the ordinary implication of a promise to pay for services does not arise, because of the presumption that between members of a household services are gratuitously rendered." But there is no finding that plaintiff and children lived as members of defendant's family. As the hotel was under the management of the mother's agent, and not used as a dwelling house, it may be assumed that her home was elsewhere. The plaintiff claimed and was allowed for services rendered by his wife. The situation then precluded those acts of reciprocity within the household which go so far in adjusting differences in interest and outlay. The plaintiff and his family took board at a public house, not even under the direct control of his mother, at a place other than her home, maintained for the express purpose of entertaining guests and keeping boarders for compensation: and in doing so he is to be

presumed to have accepted board and service on the same terms and conditions imposed upon and exacted from others. The facts of the case as found obviate the presumption arising under other circumstances that board was furnished gratuitously. See *Rodgers v. Millard*, 44 Iowa, 466.

Judgment should have been entered as recommended by the referee.—REVERSED.