MARGARET ASHER, Appellant, v. JULIUS PEGG, Administrator of the Estate of ELIAS W. PEGG, Deceased.

**Election of remedies:** MISTAKE OF REMEDY: SUBSEQUENT ENFORCEMENT OF RIGHT. Where a party in fact having but one remedy has pursued the wrong course in attempting to enforce his right, it can not be said there was an election of remedies, but rather that there was a mistake of remedy; as where one attempted in good faith to assert her right as widow in the estate of a decedent and it was determined that she had never been legally married to decedent, she was not precluded from subsequently prosecuting a claim against his estate for services rendered. And it is not essential in determining the question of election where a mistaken remedy is resorted to that it should be found the first action was in good faith.

**Estates of decedents:** CLAIMS: DELAY IN FILING: EQUITABLE RELIEF. Although the statute requires that claims against an estate shall be filed within a specified time, still there may be peculiar circumstances entitling the claimant to equitable relief, although the claim was not so filed; as where it appeared that the estate was solvent and unsettled, and that the claimant by mistake of remedy sought to enforce her rights in another proceeding, but upon final determination adversely to her filed the claim within a reasonable time thereafter against the estate.

**Same.** Although the court may refuse to entertain a claim against an estate not filed in time, even though there is a reasonable excuse for not so filing it, if the claim itself is not such as to entitle the claimant to relief; still, where, as in this case, there was no evidence of the bad faith of claimant in prosecuting another but mistaken remedy to enforce her right, which was the excuse offered for not filing the claim sooner, a denial of relief as against the bar of the statute was not warranted.

*Appeal from Harrison District Court.*—HON. N. W. MACY, Judge.

WEDNESDAY, DECEMBER 15, 1909.

REHEARING DENIED, WEDNESDAY, MARCH 16, 1910.

A claim in probate in favor of plaintiff against the estate of Elias W. Pegg, deceased, for $10,500 as compensation for services rendered by plaintiff to defendant in his lifetime, was disallowed by the trial court, and the plaintiff appeals.—*Reversed.*

*Sanford H. Cochran,* for appellant.

*Roadifer & Arthur* and *C. A. Bolter,* for appellee.

McCLAIN, J.—The claimant is the same person who, under the name of Margaret Pegg, asserted the right to a widow's share in the estate of Elias W. Pegg, deceased, in a case which was before us on appeal, entitled *Pegg v. Pegg,* 138 Iowa, 572, where it was decided, affirming the decision of the lower court, that plaintiff was not the widow of deceased, not having been formally married to him, and not having occupied toward him the relation of wife under a common-law marriage. Plaintiff now asks that she be allowed compensation for the services rendered by her to deceased during the period of about twenty-two years, during which she lived with him, keeping house for him and assisting him in carrying on his farm, as the employee of deceased, and for wages under an express contract, the evidence of which has been lost, or under an implied contract, but, in either event, not as a member of his family. This claim was resisted in the lower court on the grounds that it was not filed within the statutory period for filing claims, and that, plaintiff having elected to assert as against the estate of deceased and his heirs that she was his wife during the time these services were rendered, an assertion wholly inconsistent with her right to have compensation for such services, she can not in this proceeding against the estate have an allowance therefor.

I. It can not properly be said that the prior action and proceeding in which plaintiff alleged that she lived

with deceased as his wife was an election of remedies

1. ELECTION OF
REMEDIES:
mistake of
remedy:
subsequent
enforcement
of right.

precluding her from now taking a position in this action as to the facts which is inconsistent with her position formerly taken. Plaintiff could not have two remedies, or two rights of recovery, for her services, the election of one of which would preclude her from afterward resorting to the other. There is no identity whatever either of law or of fact between the claim asserted in the former action and the one which is now being asserted. Plaintiff entirely mistook her remedy in the former action and asserted a state of facts which did not exist; that is, which was subsequently found in the proceeding not to be established by the evidence. This was a plain case of mistake of remedy, and not election of remedy. We do not understand that it is material in determining that there is no election where a mistaken remedy is resorted to, that it should be found the claim first asserted was in good faith. If a claim is made which, as developed in subsequent proceedings, does not exist, then the claimant is not barred from asserting in an independent action that an inconsistent claim existed entitling him to legal redress. *Zimmerman v. Robinson,* 128 Iowa, 72; *Bierce v. Hutchins,* 205 U. S. 340 (27 Sup. Ct. 524, 51 L. Ed. 828); *Water, L. & Gas. Co. v. City of Hutchinson* (C. C. A.) 160 Fed. 41; *Sullivan v. Ross' Estate,* 113 Mich. 311 (71 N. W. 634, 76 N. W. 309); *Bandy v. Cates,* 44 Tex. Civ. App. 38 (97 S. W. 710); *Calhoun County v. Art Metal Const. Co.,* 152 Ala. 607 (44 South. 876).

II.   It is agreed that the present claim was not filed within one year from the giving of notice of appointment

2. ESTATES OF
DECEDENTS:
claims: delay
in filing:
equitable
relief.

by the administrator of the estate, as required by Code, section 3349; but it is agreed that the claim was filed within a reasonable time after the adjudication in this court on the former appeal that plaintiff was not a common-law wife.

It is contended that the pendency of the former action in the lower court or on appeal constituted such a peculiar circumstance as to entitle complainant to equitable relief under the exception provided in that section. It appears that the estate of deceased is solvent and remains unsettled, and we think it clear that an equitable excuse for not sooner filing the claim is made out. It can not be said that plaintiff was negligent in not sooner filing her claim when she was proceeding in court apparently in good faith to assert against the estate the right as widow. *Sankey v. Cook,* 82 Iowa, 125; *Wickham v. Hull,* 102 Iowa, 469. And in general, as supporting the conclusion that under the circumstances plaintiff was entitled to equitable relief as against the statutory bar, such relief being expressly authorized by the statute, see: *Lamm v. Sooy,* 79 Iowa, 593; *Senat v. Findley,* 51 Iowa, 20; *Security F. Ins. Co. v. Hansen,* 104 Iowa, 264; *Easton v. Somerville,* 111 Iowa, 164; *Henry v. Day,* 114 Iowa, 454.

But the lower court refused equitable relief to plaintiff on the ground that the peculiar circumstances justifying such relief as against the bar of the statute must be such as to appeal to the conscience of a court of equity, and justify the allowance of the claim in the furtherance of right and justice, and that the delay of plaintiff in filing her claim while she was attempting to establish a fictitious and fraudulent claim as common-law wife constituted no excuse for failing to file her claim within the statutory period, as she might have done. No doubt the court may refuse to entertain a claim not filed in time, although there is a reasonable excuse for not so filing it, if the claim itself is not such as to entitle the claimant to any relief. *Lamm v. Sooy,* 79 Iowa, 593. It does not appear, however, in this case, that the former action was prosecuted in bad faith. True it is that in deciding the former case on appeal this court held on the evidence before it that the

3. SAME.

pretended marriage between plaintiff and the deceased was a mere blind, and that plaintiff had not regarded herself during the lifetime of deceased as his lawful wife, although she had cohabited with him; but it is not contended in argument that the decision in the former case was an adjudication binding on the parties in this case, and no such claim could well be made, for the two proceedings are wholly distinct as to subject-matter. The point adjudicated in the former case was that the marriage relation did not exist between plaintiff and deceased. The question as to whether there had been illicit cohabitation between them was purely collateral, and not necessarily involved. There might have been a pretended marriage without such cohabitation as to render the entire subsequent relations meretricious and defeat the right of plaintiff to recover *quantum meruit* for lawful services actually rendered. In the absence of any other evidence than that afforded by the adjudication in the prior case that plaintiff was not the wife of deceased, the lower court was not, we think, justified in holding that the relations between the parties, so far as involved in this record, had been such as to require the denial of equitable relief to the plaintiff as against the statutory bar to her claim. As already indicated, the court denied relief to plaintiff on her own allegations.

The disallowance of plaintiff's claim by the lower court on the ground that there were no equitable circumstances warranting the court in considering it as against the plea of the statutory limitation is reversed, and the case is remanded for further proceedings in the probate court in harmony with this opinion.—*Reversed.*