IN THE MATTER OF THE ESTATE OF OLIVER A. PARKS, Deceased,
    CHARLOTTE BOWMAN v. MILLIE JANE PARKS, Admx. of
    Estate of OLIVER A. PARKS, Deceased, and MILLIE JANE
    PARKS, Intervener, Appellee.

Judgments: DISMISSAL OF ACTION: CONCLUSIVENESS. A judgment dis-
    missing on its merits an action brought against the sole beneficiary
    of an estate in her individual capacity to recover the real property
    of the estate, is conclusive against a subsequent action by the same
    plaintiff against the same defendant as administratrix of the estate
    and as an intervening individual defendant, to recover the entire
    estate on an alleged contract to bequeath the same to plaintiff,
    the two actions being practically if not nominally the same; and the
    fact that the personalty was not involved in the first action would
    not render the judgment of dismissal unavailing as an adjudication.

*Appeal from Monroe District Court.*—HON. C. W. VERMIL-
    LION, Judge.

MONDAY, JUNE 22, 1914.

ACTION by the plaintiff against the administratrix of the
estate of Oliver A. Parks, to recover an amount equal to the
full net value of the estate over and above the claims of
creditors and the costs of administration. The claim is based
upon an alleged verbal contract, whereby the decedent, for a
consideration, agreed to devise and bequeath to plaintiff all
of his property. It is averred that the net value of the
personal property is $1,440.65, and of the real estate is $1,000.
The amount demanded in the petition is $2,440.65. One of
the defenses pleaded by defendant is a prior adjudication
in a former suit wherein the plaintiff asserted the same con-
tract against the same defendant in her individual capacity;
she being the sole heir of the decedent. The trial court sus-

tained the plea of prior adjudication, and the plaintiff appeals.
—*Affirmed.*

*J. C. Mitchell* and *J. R. Price,* for appellant.

*Tisdale & Heindale* and *Mabry & Hickenlooper,* for appellee.

Evans, J.—The decedent, Oliver A. Parks, died unmarried and intestate, and leaving no issue. He was survived by his mother, Millie Jane Parks, as his sole heir. She was duly appointed administratrix of his estate. He left personal property of the net value of $1,440.65 over and above all debts and charges, and real estate of the value of $1,000. Prior to the filing of this claim in probate, or the beginning of this action, the plaintiff instituted a suit against Mrs. Parks, the mother, in her individual capacity, to recover the real estate left by the decedent. That suit resulted in a decree adverse to the plaintiff, wherein it was held that she had failed to establish her alleged contract. Her petition was accordingly dismissed on the merits. Her claim for the personal property was not litigated in that suit. The alleged verbal contract presented in the former suit by the plaintiff as the basis of her cause of action was the same contract as is now presented in support of the present claim. In the former suit, the defendant was not a party in her capacity as administratrix but was a party in her individual capacity only. In the present suit she was made defendant in her capacity as administratrix only. As such defendant, in such capacity, she pleaded the former adjudication as a bar. She also intervened as a defendant in her individual capacity and as the sole beneficiary of the estate and pleaded such former adjudication as a bar.

The argument for appellant is that the former adjudication was not a bar for the reason: (1) That the former suit

was not against the same defendant in that it was not against Mrs. Parks in her capacity as administratrix; and (2) because the former suit involved the real estate only and none of the personal property.

It may be conceded that theoretically the former suit against Mrs. Parks individually was not against the same defendant as is the present suit against her as administratrix of an estate. Under the facts of this case, however, such theoretical distinction loses its application and is without practical value to the appellant. As administratrix, she is representative of all the beneficiary interests of the estate. If there were any persons beneficially interested in such estate other than herself individually, a somewhat different question would be presented. But there are none. In so far as she represents the creditors of the estate, no adverse claim is presented against her by the plaintiff. The plaintiff recognizes the claim of creditors as superior to her own. The net value of the estate over and above the claim of creditors is the measure of plaintiff's claim as she has made it. Mrs. Parks, as administratrix, therefore, is representative of no other beneficiary than herself as sole heir of the decedent. In its last analysis, she holds the estate in trust as administratrix for herself as sole beneficiary. As an individual, she was entitled to come in as an intervening defendant and to claim the benefit of the former adjudication. This she did. It would be impossible to protect her in her right to claim the benefit of the former adjudication without recognizing the right of the administratrix also to plead to the same effect.

The case is ruled in all points by our recent case of *Black v. Miller,* 158 Iowa, 293. The cited case is very fully considered. It would serve no useful purpose to repeat the discussion. The authorities bearing upon the question are fully collated and considered. The rule involved is stated briefly in Black on Judgments, vol. 2, section 563 (1st Ed.), as follows:

And so if a devisee of land, in possession thereof pending the settlement of the testator's estate, be also the executrix of the testator's will, a recovery in an action by her in her own name, for trespass to the land, is a bar to her recovery for the same cause of action in her capacity as executrix. If one sues as trustee, and afterwards in his individual capacity in respect of the same subject-matter, he is bound by the decree in the former suit. For if, at that time, he owned the subject of the trust, he was representing himself; and, if he bought it afterwards, he is a privy to the person who was represented.

The following are some of our previous cases on the same point: *In re Dille,* 119 Iowa, 575; *Woodward v. Jackson,* 85 Iowa, 432; *School Township v. Independent School District,* 134 Iowa, 349.

The fact that the personal property was not involved in the first suit does not render the plea of former adjudication unavailable. This question is also fully considered in *Black v. Miller, supra.* To the same effect see *Watson v. Richardson,* 110 Iowa, 673.

The decree of the trial court was right, and it is accordingly—*Affirmed.*

LADD, C. J., and WEAVER and PRESTON, JJ., concur.