## JOHNSTON v. JOHNSTON.

1. **Administrator:** FILING OF CLAIMS: STATUTE OF LIMITATIONS. As to whether a claimant is entitled to equitable relief where his claim was not filed within the time prescribed by statute (Rev., § 2405) must depend on the peculiar facts of each case.

2. —— Under the circumstances of the present case the claimant was entitled to equitable relief notwithstanding the bar of the statute.

*Appeal from Delaware Circuit Court.*

TUESDAY, JUNE 17.

ACTION in the circuit court to establish a claim upon a note of $300, against the estate of decedent. The claim was filed about eight and one-half months after publication of notice of the appointment of defendant as administratrix, and notice of the claim was served on the administratrix ten days before the lapse of the period of eighteen months, from the giving of administratrix's notice. The cause did not come on for hearing till after the eighteen months had elapsed. Plaintiff filed an amended and a substituted petition, alleging facts to take the case out of the bar of section 2405 of the Revision. The court held the facts stated and proved not sufficient, and rendered judgment for defendant. Plaintiff appeals.

*B. Childs* for the appellant.

*C. E. Bronson* for the appellee.

DAY, J. — The only question involved is whether, under the circumstances, the plaintiff is entitled to equitable relief from the statute of limitations.

No general rule can be laid down upon this subject. Each case must be determined upon its own peculiar circumstances in view of the rights belonging to those interested in resisting a claim, and the duties devolving upon those seeking to estab-

lish it. *Brewster* v. *Kendrick*, 17 Iowa, 479. The peculiar circumstances existing in this case are as follows: The note was executed March 31, 1870, and became due March 31, 1871, and was payable at the Delaware County Bank, Manchester, Delaware county, Iowa.

Notice of the appointment of defendant as administratrix of the estate of the maker of the note was completed on the 16th day of June, 1870, about two and one-half months after the execution of the note, and about nine and one-half months before the same matured. The note was duly sent for collection to W. H. Leeds, cashier of the bank at which the note was made payable, and the same was filed and sworn to as a claim against the estate, on the 1st of March, 1871, thirty days before it became due. On the 14th of December, two days before the expiration of the period of eighteen months, the defendant was served with notice of the claim. Plaintiff is a non-resident of this State. The estate of William Johnston is solvent and has not been settled. Under these circumstances we think the claim should have been allowed. In *Brewster* v. *Kendrick*, 17 Iowa, 479, it is said: "A most controlling consideration is, that the estate remains unsettled. The assets have not been distributed, and had not when this claim was filed. That equality which is equity dictates, as a rule, that the assets of an estate should be paid to creditors in proportion to their demands. And when the estate remains unsettled, all should be paid if there are sufficient means, and if not, then *pro rata*, unless there exists some legal difficulty, or unless to so order would work injustice to others having higher or equal claims upon the funds." In this case the estate is not only unsettled but solvent, so that no injury can result either to creditors or others by the allowance of this claim. And in view of the fact that in the consideration of this question "the flexible rules of the equitable tribunal, rather than the stern and strict rules of the law are to govern" (*Brewster* v. *Kendrick*, 17 Iowa, 479–482), we hold that the judgment of the circuit court should be

Reversed.