Lamm v. Sooy.

———

LAMM v. SOOY (two cases).

1. **Estates of Decedents** : CLAIMS : LIMITATION : EQUITABLE RELIEF : MODE OF TRIAL. Where a claimant of the fourth class seeks to prove his claim against the estate of a decedent more than twelve months after notice of administration, the court should first determine whether the circumstances are such as, in equity, should remove the bar of the statute (Code, sec. 2421), and, if so, the

issues of fact arising by operation of law should be submitted to a jury, unless a jury is waived. (See *Ingham v. Dudley*, 60 Iowa, 22.)

2. ———: BELATED CLAIMS : EQUITABLE RELIEF. The decedent in this case was surety on one note, and the guarantor of others, and all the notes belonged to plaintiff, and he filed his claims based thereon against the administrator after six, but within twelve, months of the publication of the notice of administration. He did not file his petition for proving up the claims until after the twelve months had expired, and, to take the case out of the special statute of limitations (Code, sec. 2421), he showed that the delay was caused by an effort on his part to make the claims out of the principal debtors, against whom he had proceeded with all possible dispatch, but with only partial success, and that he filed his petition to prove up the claims as soon as he knew that they had not been allowed. The estate was unsettled, and it did not appear that it was prejudiced by the delay in prosecuting the claims. *Held* that the court rightly adjudged plaintiff to be entitled to equitable relief as against the bar of the statute.

*Appeal from Shelby District Court.*—HON. GEORGE CARSON, Judge.

FILED, FEBRUARY 11, 1890.

ACTIONS to establish certain claims against the estate of Michael Langton, deceased, of which the defendant Sooy was the duly appointed and qualified administrator. There being two cases, resting partly upon the same facts, and involving the same questions, they are submitted together. On June 27, 1887, plaintiff filed his petition to establish his claim on a note alleged to have been executed to him by C. A. Topping and the deceased for one hundred and fifty dollars, with ten per cent. interest from date; that he had filed said claim July 17, 1885; that said administrator neglected to allow the same. Wherefore he asks that it be established and allowed. On March 13, 1888, he filed an amendment, stating that deceased was surety on said note; that he had filed the same for allowance within twelve months from the qualification of defendant as administrator; that he had filed his petition at the first term of court after the note became due, seeking to collect the same from Topping; that Topping filed an answer for

Lamm v. Sooy.

delay only, and that plaintiff was prevented from obtaining judgment until May 19, 1885; that, with due diligence, he caused an execution to issue against said Topping, which was returned, December 5, 1887, wholly unsatisfied, whereupon plaintiff filed his petition to have his claim allowed, and as soon as he knew of said claim having been disallowed; "that the estate has not suffered any damage because of the claim not having been sooner established; that the estate is not closed; and the plaintiff claims that he is now, under the equity branch of the court, enabled to prove his claim against said estate."

On March 13, 1888, appellee filed his motion to transfer the case to the equity calendar, and that the same be tried as an equitable cause, which motion was sustained, to which appellant excepted. On the fifteenth day of June, 1888, cause came on for hearing, and appellant, in open court, demanded the impaneling of a jury to try the issues in the case, which request was overruled by the court, to which appellant excepted. Thereupon the court proceeded to hear the cause, and, being fully advised, ordered and decreed that the claim be allowed, with interest, to which the appellant also excepted.

On the same (twenty-seventh) day of June, 1887, the plaintiff also filed his petition for an allowance of $839.06, balance alleged to be due "on judgment in the district court, Shelby county, Iowa, on notes and mortgages guarantied by decedent, copies of which are hereto attached," which claim was indorsed: "Filed July 6, 1885. W. J. Davis, Clerk. Rejected. H. B. Swift, Administrator." Each of the six notes set out was indorsed.

"For value received I hereby guaranty payment of the within, with interest at eight per cent. per annum, waiving demand and notice of protest.

"M. Langton."

On March 13, 1888, appellee filed an amendment, stating that the notes were given to him by John A.

Wright, and secured by mortgage on the lands described; that deceased indorsed and guarantied said notes to plaintiff for valuable consideration; that the last of said notes becomes due August 15, 1890, each one of said notes falling due one year apart from their date. Appellee avers that he caused the debt to become due, under the terms of the mortgage, on the fifteenth day of January, 1885, and procured his decree of foreclosure January 14, 1885, and caused special execution to be issued for the sale of the property, which was sold May 16, 1886, for one thousand dollars; and that the balance of the judgment could not be made of Wright, as he was insolvent. Appellee states that he could not have filed, or had his claim established, for the reason that he did not know until August, 1887, that his claim had been disallowed by the administrator, and at once filed his petition to have his claim allowed;" that the estate is still open, and no injury can come to it by reason of this claim not having been established within twelve months of the appointment of the administrator; and asks that the same be now established. On March 13, 1888, the plaintiff filed a motion to transfer to equity, the same as in the other case, which was sustained, and appellant excepted. On June 15, 1888, the cause came on for hearing, and like proceedings were had to those in the other case, and an order and decree that the claim be allowed. From these orders and decrees the defendant appeals.

*Smith & Cullison*, for appellant.

*Platt Wicks* and *Beard & Myerly*, for appellee.

GIVEN, J.—I. These claims, not having been filed within six months after the first publication of notice

1. ESTATES OF decedents: claims: limitation; equitable relief; mode of trial.

of the administrator's appointment, became claims of the fourth class. Code, sec. 2420. Claims of that class, "not filed and proved within twelve months of the giving of the notice aforesaid, are forever barred, unless the claim is pending in the district or supreme court, unless

peculiar circumstances entitle the claimant to equitable relief." Code, sec. 2421. We understand appellee's position to be that claims presented for allowance after twelve months, because of peculiar circumstances entitling the claimant to equitable relief, are of equitable cognizance. Clearly, it is for a court of equity to determine whether the peculiar circumstances alleged and proven entitle the claimant to equitable relief ; that is, whether the circumstances are such as that, in equity, the bar of the statute should be removed.

Section 2411, Code, provides that, if the claim is not admitted, the court may hear and allow the same, or may submit it to a jury ; and on such hearing, unless otherwise provided, all provisions of the law applicable to an ordinary proceeding shall apply. Issues of fact, in an action in an ordinary proceeding, must be tried by a jury, unless the same is waived by the parties. Code, sec. 2740. It is provided in section 2410 that " all claims filed and not expressly admitted in writing, signed by the executor, with the approbation of the court, shall be considered as denied, without any pleading on behalf of the estate." The defendant not having filed any answer to either petition, it follows from this provision that each and every allegation of both of the plaintiff's petitions was denied, and thereby the burden was cast upon him to prove each material allegation. Appellee's contention is that there was no issue submitted to the trial court except as to whether the claims were barred or not. Surely, other issues were joined, whether considered or not. The only facts admitted on the trial were that Sooy had been administrator since the seventh of August, 1884 ; that the note introduced in evidence in the first case is the original one filed in this case against M. Langton, deceased, and the same upon which judgment was rendered against Topping. There was no admission that the deceased had executed the note with Topping, or that he had executed the guaranties on the other six notes, or that the same were unpaid. In short, none other of the allegations of the

petition were admitted.   It is said that the administrator admitted in his report that the deceased sustained the relations alleged to these notes.   That, at most, was but evidence ; but we do not think his report will bear such construction.   In reporting claims filed against the estate, he states : "X. Lamm, on guaranty note, $839.06. X. Lamm, on security note, $179.52.   Administrator has not sufficient information to pass upon, as yet." This is no admission, but a statement of the alleged character of the claims filed.

Standing thus, the first issue to be determined was whether the circumstances proven were such as, in equity, should remove the bar of the statute, and, if so, then whether the claimant was entitled to an allowance of the claims, or any part thereof.   The latter are clearly issues of fact ; tried by ordinary proceeding, and hence "must be tried by jury, unless the same is waived."   The provisions of section 2421, Code, were not intended to deprive the parties of a trial by jury when otherwise they would be entitled thereto.   Our conclusion is that in such cases the court should hear and determine whether the circumstances are such as to entitle the claimant to equitable relief as against the bar of the statute ; and, if so, then that the case be disposed of the same as other claims.   See *Ingham v. Dudley*, 60 Iowa, 22.

II.   The issues as to the plaintiff's right to equitable relief against the bar of the statute were fully heard, and fairly disposed of.   The circumstances alleged and established as grounds for equitable relief in the first case are that the deceased was surety on the note.   The plaintiff proceeded, with all possible dispatch, to make collections, as far as he could, from the principal ; and, that failing, he filed his petition herein as soon as he knew that the claims had been disallowed.   In the other case, it is sought to charge the estate because of the deceased having guarantied the six notes, the last of which is not due, according to its face.   Appellee states that, under a provision of the mortgage, he declared the whole debt

2. ——: belated claims : equitable relief.

due, and proceeded to the collection thereof against the maker of the notes, realizing, by foreclosure and sale, one thousand dollars in May, 1885, and that he did not prove his claim against the estate for the balance, for the reason that he did not know until August, 1887, that it had been disallowed. Mr. Wicks testifies that Mr. Sooy was demanding that the money should be made from Topping before the estate should be compelled to pay. This is denied by Mr. Sooy, but it was certainly very natural, under the circumstances, that he should desire that the collections should be made from the principal, as far as possible ; and such seems to have been the effort and purpose of the plaintiff. In *Johnston v. Johnston*, 36 Iowa, 608, it was said : "Each case must be determined upon its own peculiar circumstances. * * * 'A most controlling consideration is that the estate remains unsettled. The assets have not been distributed, and had not when this claim was filed. That equality which is equity dictates, as a rule, that the assets of an estate should be paid to creditors in proportion to their demands, and when the estate remains unsettled all should be paid, if there are sufficient means, and, if not, then *pro rata*, unless there exists some legal difficulty, or unless to so order would work injustice to others having higher or equal claims upon the funds.' " In view of the nature of the claims and all the circumstances, we are of the opinion that the claimant is, in equity, entitled to be relieved against the bar of the statute, and that, in so far as the judgment of the district court so finds, it should be affirmed. Our opinion is that the appellant was entitled to a trial by jury upon the issue joined by operation of law, as to the validity of claims, and that the court erred in denying that right. The order and judgment of the district court is, therefore, affirmed as to the finding that the claims are not barred by the statute, and is reversed in so far as it finds that said claims should be allowed against the estate. The case will be remanded for further proceedings in accordance with this opinion.

REVERSED IN PART ; AFFIRMED IN PART.