Chicago & Northwestern Railway Company, Appellee, v. Alonzo Moss, Administrator, Appellant.

No. 40295.

.June 23, 1930.

Prichard & Prichard, for appellant.

Davis, McLaughlin & Hise and Underhill & Miller for appellee.

492

KINDIG, J.—The Chicago & Northwestern Railway Company, the claimant-appellee aforesaid, operates a railway line extending from Onawa eastward through Castana, in Monona County. For convenience, the appellee hereinafter will be referred to as the claimant. During all the times here material, the claimant employed an agent at its depot in Castana. Also, throughout the time here discussed, there was a bank in said town known as the Castana Savings Bank. In order to induce the claimant to purchase drafts from the bank through its said agent, or otherwise, William Moss, then living, together with C. A. Schmidt and W. J. Donlin, under date of December 1, 1916, executed the following written instrument:

"For value received and for the purpose of inducing the Chicago & Northwestern Railway Company from time to time in its discretion to procure drafts or checks from the Castana Savings Bank, Castana, Iowa, we for ourselves and our heirs, executors and administrators hereby jointly and severally guarantee the payment on presentation of all checks or drafts received by said Railway Company from said bank; and agree that this guaranty shall cover all drafts made prior to the receipt by the local treasurer of written notice of termination of the agreement and 5 days thereafter."

While the written guaranty was in existence, the claimant, on March 3, 1924, purchased from the Castana Savings Bank a draft in the amount of $238.81. This draft was drawn on the National City Bank of Chicago, Illinois. On March 14, 1924, after the claimant purchased the draft, the Castana Savings Bank closed its doors, because of insolvency, and the state banking superintendent took charge of the institution, for the purposes of liquidation. Claimant had not cashed its draft when the bank closed, and, when later it presented the same to the National City Bank, payment was refused by that institution because the Castana Savings Bank had previously ceased doing business. It does not appear when the claimant presented the draft to the National City Bank of Chicago.

William Moss died testate March 4, 1924, and, on April 26th thereafter, Alonzo Moss, the appellant, was appointed adminis-

trator with the will annexed. Convenience suggests that the appellant hereinafter shall be referred to as the administrator. Notice of the appointment was by publication made in the Castana Times on May 1, 1924. No claim was filed by the claimant in the matter of the Moss estate until approximately four years after the administrator had given the foregoing notice of his appointment. But, during that period, the claimant filed its claim for nonpayment of the draft with the receiver of the Castana Savings Bank, and, in all, received from such trust officer $119.02, constituting a final dividend of .4984% of the entire claim. Thus there remained due on the original claim, after the aforesaid payment by the receiver, $119.79. The balance was demanded of the William Moss estate by the claimant, through a claim filed by it on May 8, 1928. Objections were made to the allowance thereof by the administrator.

Among the grounds set forth supporting nonallowance was the special statute of limitations. Sections 11970 and 11972 of the 1927 Code provide, respectively:

"11970. Other demands [than administration expenses, funeral expenses, allowance for the widow, etc.] against the estate shall be payable in the following order: * * *

"3. Claims filed within six months after the first publication or posting of the notice given by the executors or administrators of their appointment.

"4. All other debts. * * *"

"11972. All claims of the fourth of the above classes, not filed and allowed, or if filed and notice thereof, as hereinbefore provided, is not served within twelve months from the giving of the notice aforesaid [under Clause 3, above], will be barred, except as to actions against decedent pending in the district or Supreme Court at the time of his death, or *unless peculiar circumstances entitle the claimant to equitable relief.*" (The italics are ours.)

Attempting to come within the provisions of Section 11972, supra, claimant seeks to show special circumstances avoiding the special statute of limitations. Because of the alleged special circumstances, claimant argues that it is entitled to "equitable relief," as provided by the statute. Such special circumstances relied upon by the claimant are: First, that the Moss estate is

solvent and still unsettled; and second, that the four-years delay occurred in presenting the claim to the estate because the claimant first made demand on the receiver, for the benefit of the estate, and in order that the damages might be minimized. Replying thereto, the administrator urges that, even if the foregoing be true, the same does not amount to special circumstances which give rise to equitable relief. That, briefly, is a statement of the controversy. As before stated, the district court allowed the claim, and the administrator appeals.

Attention is now directed to the arguments of the respective parties, in order to ascertain whether the district court erred in entering the judgment for the claimant. Further analysis will indicate that there is but a single question involved.

No contention is here made by the administrator that the draft was not presented by the claimant to the payee bank in Chicago within due time, nor is the claim contingent, as distinguished from absolute; because both the claimant and the administrator admit that the obligation became fixed and certain before William Moss died. They concede, for the purposes of the record, that the claim is controlled by the aforesaid Section 11972 of the 1927 Code. We assume, therefore, without deciding, that the parties are correct in this respect. Thus, as previously stated, there remains for consideration one question only. It is: Did the claimant show special circumstances, as required by the aforesaid statute, to avoid the limitations thereof? Claimant contends that such circumstances appear, for the reasons before suggested.

Referring to this argument, the administrator maintains that the estate's being solvent and unsettled does not, of itself, amount to the ''special circumstances'' contemplated by the statute, and that such special circumstance does not arise when consideration is given to the claimant's alleged purpose in filing the claim with the receiver. After due consideration, we are constrained to agree with the administrator's theory. This conclusion is reached with full understanding of the liberal construction to be given the statute under consideration. Unquestionably, the statute is to be given liberal construction in order to effectuate justice. *Simpson v. Burnham,* 209 Iowa 1108; *Nichols v. Harsh,* 202 Iowa 117; *Ball v. James,* 176 Iowa 647; *Johnston v. Johnston,* 36 Iowa 608; *Brewster v. Kendrick,* 17 Iowa 479.

"That is the measure by which the sufficiency of claimant's facts are to be determined." *Simpson v. Burnham,* supra.

In cases of this kind, important consideration will be given to the fact that the estate is solvent and unsettled, because then there can be no prejudice to other creditors. The importance, therefore, of the solvent and unsettled condition of the estate is not to be minimized. *Smallwood v. O'Bryan,* 208 Iowa 785; *Peterson v. Johnson,* 205 Iowa 16; *Nichols v. Harsh* (202 Iowa 117), supra; *Craig v. Estate of Craig,* 167 Iowa 340; *Lamm v. Sooy,* 79 Iowa 593; *Smith v. McFadden,* 56 Iowa 482; *Johnston v. Johnston* (36 Iowa 608), supra. When, however, the delay in filing a claim of this kind is due to the claimant's own negligence, "the mere fact that the estate is solvent and unsettled will not furnish the statutory peculiar circumstances. They must exist independent of the fact that the estate is solvent and unsettled." *Simpson v. Burnham,* supra; *Anderson v. Storie,* 208 Iowa 1172; *Roaf v. Knight,* 77 Iowa 506; *In re Estate of Jacob,* 119 Iowa 176. So, under the authority of the foregoing cases, it has been established that the peculiar circumstances required by the statute must exist "independent of the fact that the estate is solvent and unsettled." Consequently, it is essential to determine whether the claimant has presented, in the case at bar, peculiar facts and circumstances entitling it to relief, independent "of the fact that the estate is solvent and unsettled." *In re Estate of Fatland,* 197 Iowa 1231; *Mosher v. Goodale,* 129 Iowa 719; *Bentley & Olmstead v. Starr,* 123 Iowa 657; *Schlutter v. Dahling,* 100 Iowa 515; *Pearson v. Christman,* 93 Iowa 703; *Colby v. King,* 67 Iowa 458.

An unavoidable mishap of claimant's attorney, or any other casualty or misfortune of any kind, forming the basis for relief, is not advanced as an excuse by the claimant for the delay. Lack of notice that William Moss died, is not asserted as a reason for not filing the claim. Avoidance of the statute is not predicated upon the ground that the administrator, or anyone representing the estate, asked that the claim be first filed with the receiver. Neither does it appear that the administrator was told of the claimant's purpose in filing the claim with the receiver, at any

time before the present proceedings were begun. Before us, then, is the narrow question whether the claimant has proven the required special circumstances entitling it to equitable relief, when it appears merely that a secret intention existed in the minds of claimant's officers to minimize damages for the estate. Recovery of damages could have been made by the estate itself, so far as the record shows, had the claimant's demand been properly presented, as required by law. Had the claim been thus filed in the estate and paid by the administrator, that officer could have presented a demand against the receiver of the bank in the premises. Nothing in the evidence shows that the claimant was rendering the administrator or the estate a special service, or collecting a demand which could not have been recovered in due course by the estate through the administrator. Four years elapsed before the claimant decided to collect anything from the estate. Negligence alone can be responsible for that delay. It does not appear whether the other guarantors are solvent and the administrator can recover contribution from them at this late date.

Nevertheless, claimant declares that a recovery under somewhat similar circumstances was permitted by this court in *Lamm v. Sooy* (79 Iowa 593), supra. A distinction appears between the facts presented in the *Lamm* case and those involved here. By carefully reading the opinion in the *Lamm* case, it will appear that there the administrator demanded that collection be made from the principal before recovery was sought from the surety or guarantor. Here, as before suggested, such request was not made by the administrator. Under the record, therefore, there appear no special circumstances which entitled the claimant to equitable relief. To hold otherwise would be to overrun and trample down the statute. *In re Estate of Jacob* (119 Iowa 176), supra; *Simpson v. Burnham,* supra. Without a showing of special circumstances which entitled it to relief, the claimant should not have been allowed to file its demand against the estate.

Wherefore, the judgment of the district court must be, and hereby is, reversed.—*Reversed.*

MORLING, C. J., and EVANS, DE GRAFF, WAGNER, and GRIMM, JJ., concur.